KRAUSS v. WOOD et al.

(Supreme Court, Appellate Term. May 16, 1907.)

DISMISSAL—INVOLUNTARY—WANT OF PROSECUTION.

An action was begun in 1902, but no steps were taken to prosecute the same until February, 1907, when defendant moved to dismiss for lack of prosecution. Plaintiff made affidavit that since issue was joined he had repeatedly inquired of his attorney as to when the case would be reached, and the attorney invariably replied that he would let him know. The attorney swore that on account of press of business he could not do more on the case than he did. *Held*, that the testimony does not show a sufficient excuse for failure to prosecute the case, and it should have been dismissed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, §§ 140–152.]

Appeal from Special Term.

Action by Henry Krauss against Samuel N. Wood and others. From an order denying defendants' motion to dismiss the complaint, defendants appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Wolf, Kohn & Ullman (Charles L. Grad, of counsel), for appellants.
Reuben Cohen (Max Lesser, of counsel), for respondent.

BRADY, J. Issue was joined in this case on August 14, 1902. No steps were taken thereafter to proceed with the case, and on February 11, 1907, the defendants moved to dismiss the complaint for lack of prosecution. This motion was denied, and from the order denying such motion this appeal comes up.

In opposition to such motion the plaintiff and his present attorney and his former attorney submit affidavits. The plaintiff testifies: That since issue was joined he has repeatedly inquired of his attorney as to when the case would be reached, and the attorney invariably replied: "It is all right. I will let you know when the case will be reached for trial." That when he was informed that the motion to dismiss had been made his attorney then told him "that on account of press of business he could not enforce his claim." The attorney who began the suit swears "that he has read the affidavit of the plaintiff, that he cannot deny the same, but states to the court that on account of press of business he could not do further in the case than he did." The present attorney, who has just been retained, merely says in substance that he will proceed with dispatch in the disposition of the case. This testimony does not reach the dignity of an excuse for failure to prosecute the case, much less does it show a sufficient one. It is perhaps unfortunate that the plaintiff should be deprived of his day in court; but he must seek his relief from the attorney who has had charge of his interest in this case for nearly five years, without having taken one forward step in the action or shown any valid excuse for his neglect so to do.

Order reversed, with costs and disbursements, and complaint dismissed, with costs. All concur.